**FRANK R. FLORES, Appellant**

v.

**ESTATE OF LORENZO AFLAGUE FLORES, Appellee**

Civil No. 84-A

District Court of Guam

Appellate Division

February 20, 1974

Before GRAY, BROWN, and ABBATE, *Judges*

ABBATE, *Designated Judge*

OPINION

The issue on appeal before this Court is whether the lower court erred in excluding the testimony of witnesses as to the stated intention of the decedent regarding the peti-

tion for partial distribution of Lot No. 154, Mapas, Sinajana, Guam, to Frank R. Flores also known as Francisco Lizama Flores.

On June 10, 1971, the Court granted the appellant's petition for determination of heirship, establishing him as the son and heir of the decedent. Thereafter, the administrator on behalf of the appellant, filed a petition for partial distribution with the Island Court on October 20, 1971.

The appellant seeks an interest in the Estate of Lorenzo Aflague Flores, deceased. He alleges in his statement of claim of interest in Estate dated March 5, 1970, and in his petition for partial distribution dated October 20, 1970, that he is the son of the decedent and therefore is entitled to receive Lot No. 154 Mapas, Sinajana, Guam in its entirety, since the decedent during his life time orally gave him the aforementioned lot. The said lot containing 1.6 hectares, is only a part of the Estate's asset along with Lot No. 593, containing 25 hectares in Chochogo.

Furthermore, another issue was raised during the trial which merits our attention. It was whether the partial distribution would be injurious to the other heirs whose interest were opposed to the petitioner's. The heirs at law of said deceased, who may or may not be entitled to share in the balance of the Estate herein, are ANA FLORES GUERRERO, daughter, MARIA FLORES MENDIOLA, daughter, LORENZO RIVERA FLORES, son, DOLORES FLORES PABLO, daughter, JOSE RIVERA FLORES, son, and FRANCISCO LIZAMA FLORES (FRANK R. FLORES), son. At point here is Article I, Section 1001, of the Probate Code of Guam, which states in part:

"If at the hearing, it appears that the estate is but little indebted, and that the share of the applicant may be allowed to him without loss to the creditors or injury to the estate or any person interested therein, the Court shall make an order requiring

the executor or administrator to deliver to the applicant the share of the estate to which he is entitled . . . ."

The lower court believed that to grant partial distribution of Lot No. 154 to Francisco Lizama Flores would be injurious to the other heirs, since Lot No. 154 can readily be developed, has water and power, is next to a public road, and has some homes situated on it; while on the other hand, Lot No. 593 of the Estate is swampy, two miles away from the nearest public road, lacks water and power, and cannot be readily developed. Therefore, the lower court denied the petition of Flores and the petitioner herein appeals.

Based on the factual situation in this case, the decision of the lower court is affirmed. The decedent having died on September 13, 1938, and leaving no will, distribution of the decedent's estate must follow the laws of succession. There is no provision in our Probate Code for an oral will. Distribution of the Estate must be in accordance with the laws of intestacy.